946 A.2d 1019

IN THE MATTER OF DANIEL E. ABRAMS,
AN ATTORNEY AT LAW.

May 6, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–286, concluding that as matter of reciprocal discipline pursuant to *Rule* 1:20–14, **DANIEL E. ABRAMS** of **JUPITER, FLORIDA,** who was admitted to the bar of this State in 1988, should be suspended from the practice of law based on discipline imposed in the State of Florida, and having determined that two concurrent, prospective one-year suspensions should be imposed on respondent for his violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client) (now *RPC* 1.4(b)), *RPC* 1.4(b) (failure to explain matter to extent reasonably necessary to permit informed decisions by client) (now *RPC* 1.4(c)), *RPC* 5.3(a), (b), (c)(1) and (c)(2) (failure to supervise non-lawyer employees), *RPC* 5.4(c) (permitting non-lawyer employer to direct or regulate lawyer's professional judgment in rendering legal services), *RPC* 5.4(d)(2) (practicing law with an entity authorized to practice law for a profit in which non-lawyer is a corporate director or officer), *RPC* 5.5(b) (assisting non-lawyer in the unauthorized practice of law) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having determined that the terms of suspension should be prospective due to respondent's failure to report the Florida suspensions as required by *Rule* 1:20–14(a)(1);

And the Court having ordered on October 20, 1997, that if respondent resumes the practice of law in New Jersey, he shall complete ten hours of continuing legal education courses in the

area of ethics and shall practice law under supervision for a period of one year;

And good cause appearing;

It is ORDERED that **DANIEL E. ABRAMS** is suspended from the practice of law for two concurrent one-year periods of suspension, effective immediately and until the further Order of the Court; and it is further

ORDERED that prior to his reinstatement to the practice of law in this state, respondent shall successfully complete ten hours of courses in legal ethics approved by the Office of Attorney Ethics and shall submit satisfactory proof thereof to the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, **DANIEL E. ABRAMS** shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual

expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.